(No. 39782.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DAVID TAYLOR, Appellant.

*Opinion filed September 23, 1966.*

GERALD W. GETTY, Public Defender, of Chicago, (FREDERICK F. COHN and JAMES J. DOUGHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KIS-

SANE and CARMEN V. SPERANZA, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

In 1963 the petitioner, David Taylor, was tried in the criminal court of Cook County before the court without a jury and found guilty of the crime of indecent liberties, for which he was sentenced to the penitentiary for a term of not less than 2 nor more than 10 years. He filed a post-conviction petition which was dismissed on motion without an evidentiary hearing and this appeal has been taken from the order of dismissal.

The post-conviction petition claimed that the State suppressed evidence which was favorable to the petitioner. It was alleged that the complaining witness, a 9-year-old girl, had told the investigating police officer that the petitioner had raped her on several occasions prior to the date of the offense for which the petitioner was convicted. It was further alleged that the State had in its possession a report of a medical examination which disclosed that the victim had never had sexual intercourse. It is claimed that if this information had been disclosed to the court it would have cast doubt upon the credibility of the complaining witness and that by suppressing this evidence the State violated the petitioner's constitutional rights.

We have examined the record of the original trial, at which the petitioner was represented by counsel of his own choice. The information as to what the complaining witness had told the police officer was brought out by defendant's counsel on his cross-examination of the officer. The officer was asked to read his preliminary investigation report and the statement that the victim said that she had been raped before was contained in that report. The report also stated that the victim had been taken to Englewood Hospital and that the hospital stated that they could find no blood and

refused to examine her further. It was also stated in the report that the victim had been taken to the County Hospital. Counsel for the petitioner claimed that this statement served to impeach the complaining witness, who had testified that the petitioner had never touched her before, but the court stated that in his opinion it was rather weak impeachment.

There is nothing in the record to indicate that the prosecution had in its possession the report from Cook County Hospital which purportedly showed that the victim had never had intercourse. The information that the victim had been examined at that hospital was brought out at the trial and, had counsel for the petitioner deemed it important, the hospital records could have been subpoenaed. This is not a case such as *Brady* v. *Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, or *People* v. *Hoffman,* 32 Ill.2d 96, where it was clear that the prosecution concealed information in its possession favorable to the defendant. Here the hospital records were available to the defendant and defendant's counsel did not seek to obtain them. In our opinion the post-conviction petition did not allege a denial of any of the petitioner's constitutional rights and the order of the circuit court of Cook County, criminal division, is affirmed.

*Order affirmed.*